# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DANIEL MARTINEZ,

    *Plaintiff,*

vs.

    Case No. 6:17-CV-01199-EFM-GEB

WAL-MART, *et al.,*

    *Defendants.*

## MEMORANDUM AND ORDER

    This action arises out of Plaintiff Daniel Martinez' unsuccessful attempt to exchange a tire pump at a Wal-Mart located in Wichita, Kansas, and the encounter that ensued between Martinez and two managerial employees. Martinez asks this Court to find that Wal-Mart, along with two of its managerial employees, violated his First Amendment rights by asking him to leave the store after he commented on the physical appearance of an assistant manager.

    Three motions are currently before the Court: (1) Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 7); (2) Plaintiff's Motion to Strike Defendant's Motion to Dismiss (Doc. 9); and (3) Plaintiff's Motion to Amend (Doc. 11). As explained below, the Court grants Wal-Mart's motion to dismiss, denies Martinez' motion to amend, and denies as moot Martinez' motion to strike.

### I.     Factual and Procedural Background

According to the Amended Complaint, Martinez tried to exchange a tire pump to Wal-Mart, but was told by an assistant manager, Lisa (last name unknown), that he could not exchange the pump without a receipt. Another manager, Mike (last name unknown), added that even with a receipt, an exchange would not be performed beyond 90 days after the purchase. Martinez disagreed and requested Lisa's last name, purportedly to pursue legal action. At some point in his discussion with Mike, Martinez described Lisa as having a "Butch Style Hair Cut." Mike told Martinez that his comment was out of order and asked him to leave the store.

On August 10, 2017, Martinez filed a Complaint asking the Court to rule that he was wrongfully asked to exit the store in violation of the First Amendment. Martinez filed an Amended Complaint on August 16, 2017, expanding upon his requested relief, but not amending the statement of his claim.[1] Martinez alleges that Wal-Mart, Lisa, and Mike violated his First Amendment rights, and requests $500,000 in damages.

In its motion to dismiss, Wal-Mart asserts that the Amended Complaint should be dismissed for failure to state a claim under Rule 12(b)(6), for insufficient process and insufficient service of process under Rules 12(b)(4) and (5), and for lack of personal jurisdiction under Rule 12(b)(2). Martinez filed a motion to strike Wal-Mart's motion to dismiss, as well as a combined response and request for leave to amend (Docs. 10 and 11).

Wal-Mart contends that Martinez' First Amendment claim fails as a matter of law because Martinez has not and cannot allege that Wal-Mart is a governmental entity or that any party acted under color of law—a prerequisite for stating a valid claim for violations of the First

---

[1] *See* Docs. 1 & 3.

-3-

Amendment. Martinez asserts that Wal-Mart has not provided clear and convincing evidence that Lisa and Mike did not act under the color of law, and that private corporations and individuals may violate the First Amendment.

The motions are fully briefed and ripe for adjudication. For the reasons stated below, the Court grants Wal-Mart's motion to dismiss, denies Martinez' motion to amend, and denies as moot Martinez' motion to strike.

## II.     Legal Standards

### A.     Motion to Dismiss[2]

To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations, assumed to be true, to "raise a right to relief above the speculative level" and contain "enough facts to state a claim to relief that is plausible on its face."[3] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[4] The plausibility standard enunciated by the Supreme Court in *Bell Atlantic v. Twombly*, seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause action,' which the Court stated 'will not do.' "[5] A claim is

---

[2] Because the Court concludes that Martinez has failed to state a claim upon which relief can be granted under Rule 12(b)(6), the Court finds it unnecessary to rule on, and accordingly, declines to address Wal-Mart's arguments under Rule 12(b)(2), (4), and (5).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphases in original).

[5] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[6]

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[7] The Court, however, cannot "assume the role of advocate for the pro se litigant."[8] The Court will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[9] The Court need only accept as true a plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[10]

**B.    Motion to Amend**

A "party may amend its pleading once as a matter of course" within 21 days after serving it, or within 21 days after service of a responsive pleading or a Rule 12 motion.[11] Thereafter, "a party may amend its pleadings only with the opposing party's written consent or the court's leave."[12] Under Rule 15(a), leave to amend a complaint is freely given when justice so requires. Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.' "[13] Courts may, however, deny leave to amend

---

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[8] *Id.*

[9] *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citation omitted).

[10] *Hall*, 935 F.2d at 1110 (citation omitted).

[11] Fed. R. Civ. P. 15(a)(1).

[12] Fed. R. Civ. P. 15(a)(2).

[13] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[14]  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason."[15]  It is within the Court's sound discretion whether to allow a proposed amendment after the permissive period.[16]

### III.     Analysis

**A.     Motion to Dismiss**

The First Amendment to the United States Constitution provides that "Congress shall make no law . . . abridging the freedom of speech."[17]  "[T]he constitutional guarantee of free speech is a guarantee only against abridgement by government, federal or state."[18]  "Thus, while statutory or common law may in some situations extend protection or provide redress against a private corporation or person who seeks to abridge the free expression of others, no such protection or redress is provided by the Constitution itself."[19]

Although the First Amendment extends only to the government's abridgement of rights, a private party may be liable for a constitutional violation if the party's conduct is "fairly

---

[14] *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[15] *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) (citing *Jefferson Cty. Sch. Dist. No. R–1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 858–59 (10th Cir. 1999)).

[16] *Foman*, 371 U.S. at 182; *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010).

[17] U.S. Const. amend. I.

[18] *Hudgens v. N.L.R.B.*, 424 U.S. 507, 513 (1976).

[19] *Id.*

attributable" to the government.[20]  This requires the presence of two conditions—(1) the deprivation must be "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and (2) "the private party must have 'acted together with or . . . obtained significant aid from state officials' or engaged in conduct 'otherwise chargeable to the State.' "[21]

Nothing in Martinez' Amended Complaint suggests that any Defendant is employed by, or otherwise acted on behalf of the government, state or federal.  Nor has Martinez alleged facts suggesting that the Defendants acted in concert with or obtained significant aid from a government official or otherwise engaged in conduct attributable to the government.  Rather, in his response, Martinez appears to concede that the Defendants are private individuals and a private corporation as he requests an order declaring that private individuals and corporations may be held liable for violations of the First Amendment.[22]  Private corporations and individuals, however, cannot be held liable for violations of the First Amendment unless acting under color of law, [23] and Martinez has failed to allege that any of the Defendants acted under color of law.  Accordingly, his assertion that Wal-Mart and its managers violated his First Amendment rights

---

[20] *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (quoting *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 936 (1982)).

[21] *Id*. (quoting *Wyatt v. Cole*, 504 U.S. 158, 162 (1992)).

[22] Doc. 10, at 2.

[23] Martinez maintains that the cases cited by Defendants for this proposition are not based on Rule 57.  Rule 57 and the Declaratory Judgment Act, however, do not create additional substantive rights, but rather "merely provide[] another procedure whereby parties may obtain judicial relief." *Farmers All. Mut. Ins. Co.*, 570 F.2d 1384, 1386 (10th Cir. 1978).  In other words, Rule 57 does not create additional rights under the First Amendment, and cases involving First Amendment claims need not arise in the Rule 57 context to inform the Court's decision here.

fails as a matter of law.[24] Martinez has failed to state a claim upon which relief can be granted, and Wal-Mart's motion to dismiss is granted.

### B. Motion to Amend

Martinez seeks permission to amend his Amended Complaint solely to cure the alleged notice deficiencies. His motion neither complies with the procedural prerequisites for seeking leave to file an amended complaint nor attempts to cure the legal deficiencies discussed above. Since Martinez does not seek to cure the legal deficiencies of his claims, his amendment would be futile.[25] Accordingly, Martinez' motion to amend is denied.

### C. State Law Causes of Action

To the extent Martinez seeks to pursue alleged violations of K.S.A. §§ 50-626 and 50-627, or any other state law cause of action, the Court declines to exercise jurisdiction over such claims. Federal courts are courts of limited jurisdiction.[26] Martinez' federal claims provide the sole basis for this Court to exercise subject-matter jurisdiction over this matter, as Martinez has not alleged and there does not appear to be complete diversity between the parties. Although a federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the Court's] original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution,"[27] a court may decline to

---

[24] In his claim for relief, Martinez requests that the Court issue an order finding that the Defendants obstructed and violated his due process rights. To the extent Martinez wishes to assert a claim for violations of his substantive or procedural due process rights, this claim also fails as a matter of law for the same reason that his First Amendment claim must be dismissed. Namely, a private corporation or individual cannot violate an individual's due process rights. *See Browns v. Mitchell*, 409 F.2d 593, 594 (10th Cir. 1969).

[25] *Minter*, 451 F.3d at 1204 (citations omitted); *Beckel*, 242 F.3d at 1239–40 (citations omitted).

[26] *Hawkins v. Mercy Kansan Cmtys., Inc.*, 2015 WL 3796073, at *2 (D. Kan. 2015) (quoting *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002)).

[27] 28 U.S.C. § 1367(a).

exercise such jurisdiction where it "has dismissed all claims over which it has original jurisdiction."[28] Indeed, unless "considerations of judicial economy, convenience and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims."[29] Because the Amended Complaint fails to state a viable federal claim, and because this case is in its infancy, the Court declines to exercise supplemental jurisdiction over any state law causes of action Martinez seeks to allege.

**IT IS THEREFORE ORDERED** that Wal-Mart's motion to dismiss (Doc. 7) is hereby GRANTED.

**IT IS FURTHER ORDERED** that Martinez' motion to amend (Doc. 11) is hereby DENIED.

**IT IS FURTHER ORDERED** that Martinez' motion to strike (Doc. 9) is hereby DENIED AS MOOT.

**IT IS FURTHER ORDERED** that Martinez' Amended Complaint is dismissed in its entirety.

**IT IS SO ORDERED**.

Dated this 28th day of November, 2017.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[28] 28 U.S.C. § 1367(c).

[29] *United Mine Workers v. Gibb*, 383 U.S. 715, 726 (1966).